UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| José Alberto Vizcarrondo, Joni T. Faris and the conjugal partnership formed between them,<br><br>Plaintiffs,<br><br>v.<br><br>Telecinco, Inc., et al<br><br>Defendants. | Civil No. 18-1753 (DRD)<br><br>Diversity Jurisdiction<br><br>Trial by jury demanded |

### MOTION FOR EXPEDITED HEARING ON PRELIMINARY INJUNCTION

TO THE HONORABLE COURT:

COME NOW PLAINTIFFS, JOSÉ ALBERTO VIZCARRONDO, his wife JONI T. FARIS and the conjugal partnership formed by them (hereinafter referred collectively as the "Plaintiffs"), by and through the undersigned attorneys, and respectfully state and pray as follows:

1. On October 29th, 2018, Plaintiffs filed a Motion for Preliminary Injunction to, among others, enjoin Defendants: from prohibiting Plaintiff Vizcarrondo to fully participate in all of the stockholders' meetings of Telecinco, Inc. ("Telecinco" or "Company") with his voting rights, and from failing to notify Plaintiff Vizcarrondo of the scheduling of the stockholders' meetings of Telecinco. [**Docket No. 11**].

2. Subsequently, on November 7th, 2018, the Court set a preliminary injunction hearing for November 28th, 2018. [**Docket No. 23**]. However, "[d]ue to an unforeseeable

scheduling conference, the preliminary injunction hearing set for Wednesday, November 28, 2018 at 2:00PM" was rescheduled for December 6th, 2018. [**Docket No. 23**].

3. Thereafter, *sua sponte*, the Court vacated the preliminary injunction hearing *sine die* and held that the preliminary injunction hearing will be scheduled after the Defendants file their response to the Motion for Preliminary Injunction which is due on December 20th, 2018. [**Docket No. 28**].

4. Plaintiff Vizcarrondo recently became aware that on December 10th, 2018, co-defendants Telecinco, ARA International, LLC, ERA International Corporation, Hacienda Tres Hermanos, Inc., and Hacienda Igualdad, Inc., scheduled a joint stockholders' meeting to take place on December 20th, 2018 which is conveniently the last day for the Defendants to answer the Motion for Preliminary Injunction. **Plaintiff Vizcarrondo was not notified of said stockholders' meeting and, presumably, will not be allowed to participate in the same, considering that the Individual Defendants have not allowed him to participate in past stockholders' meetings despite the fact that he is both a stockholder and a member of the Company's Board of Directors**.

5. In said stockholders' meeting, the Shareholders will elect the Company's Board of Directors for the next year. The election of the Board of Directors is one of the most important and fundamental rights of any Shareholder and, Vizcarrondo will not be allowed to vote and exercise this fundamental right.

6. Moreover, Telecinco has made and continues to make important decisions that affect the Company's financial assets, such as the appointment of Mr. Pedro Rúa-Jovet as its new General Manager, which was recently published in all major local newspapers between December 9th and 10th, 2018 such as El Nuevo Día, Primera Hora and El Vocero de Puerto Rico. Plaintiff Vizcarrondo was neither consulted nor notified of the Company's decision to hire Mr. Rúa-Jovet, or the terms and conditions of such hiring.

7. Absent injunctive relief, the Individual Defendants will further take illegal possession of Vizcarrondo's property rights and voting powers in Telecinco and will continue breaching his shareholder agreement and their fiduciary duties to Plaintiff Vizcarrondo as a stockholder and as a member of the Company's Board of Directors, since his designation is still current and valid.

8. As more fully explained in the Motion for Preliminary Injunction already filed before this Honorable Court, Plaintiffs are likely to succeed on the merits of this action, and—absent injunctive relief—will suffer irreparable harm.

9. Plaintiffs have no other remedy to cure the Defendants' actions on Vizcarrondo's proprietary and statutory right to participate and vote in the stockholders' meetings of Telecinco. An order for injunctive relief in the present case will simply preserve the *status quo*, and therefore, the Defendants will not be harmed by a preliminary injunction. Thus, Plaintiffs are entitled to a preliminary injunction.

10. In view of the above, Plaintiffs request an expedited hearing on this matter. Any further delays will not only cause irreparable harm to the Plaintiffs, but will also

substantially change the corporate governance of Telecinco in detriment of Plaintiff Vizcarrondo who is a shareholder and member of the Board of Directors.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to schedule a preliminary injunction hearing on an expedited basis.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 17th day of December, 2018.

WE HEREBY CERTIFY that on this day, a true and exact copy of this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.



| | |
|---|---|
| P.O. Box 195343 | Citibank Towers, Suite 500 |
| San Juan, Puerto Rico | 252 Ponce de León Avenue |
| 00919-5343 | San Juan, Puerto Rico 00918 |

Tel. (787) 758-1400
Fax: (787) 758-1414
Cel. (787) 460-3456

www.laborcounsels.com
paula@laborcounsels.com
pico@laborcounsels.com

S/ CARLOS R. PAULA
Attorney for Plaintiffs
USDCPR # 212009

S/ JAIME E. PICÓ-RODRÍGUEZ
Attorney for Plaintiffs
USDCPR # 228113

4